UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO SAAVEDRA,<br><br>  Plaintiff,<br><br>v.<br><br>ALBIN MANUFACTUING CORP., *et al.*,<br><br>  Defendants. | Civil No. 10cv2312 L(POR)<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT CRAIG SMITH [doc. #20]** |

Plaintiff seeks a 120-day extension of time in which to serve defendant Craig Smith. The Complaint was filed on November 9, 2010. Under Federal Rule of Civil Procedure 4(m), the summons and complaint must be served within 120 days after the filing of the complaint. Accordingly, service of process on defendant Craig Smith was required by March 9, 2011 but plaintiff's request[1] for an extension of time was filed on March 16, 2011.

Federal Rule of Civil Procedure 4(m) requires a showing of good cause for an extension of time in which to serve a defendant. And Federal Rule of Civil Procedure 6(b) provides the court with discretion to grant extensions of time. This is so even when the request is made after the expiration of the time period to be extended, provided the request is made by motion and the delay was caused by excusable neglect. FED. R. CIV. P. 6(b)(1)(B).

---

[1] Requests for action by the Court must be filed as either a motion or an ex parte motion. In this case, the Court construes plaintiff's request as an ex parte motion.

*Pioneer Investment Services Company v. Brunswick Associates* established a balancing test to determine whether an untimely filing is due to excusable neglect. 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*). The determination whether neglect is excusable is an equitable one that depends on at least four factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395).

Plaintiff does not discuss any of the pertinent factors under *Pioneer* in his request and has offered no explanation for his failure to seek an extension of time in a prompt manner. Further, in the absence of a showing that a 120-day extension is necessary, such an extensive time period is excessive.

Because plaintiff has not made an appropriate showing that a 120-day extension of time is warranted, plaintiff's request is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: March 17, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL