UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO SAAVEDRA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALBIN MANUFACTUING CORP., *et al.*, ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 10cv2312 L(POR) <br><br> **ORDER DENYING MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [doc. #11] and TRANSFERRING VENUE** |

Defendants Albin Manufacturing Corp. (AMC), Albin Marine, Inc.[1] and Fred W.A. Peters move to dismiss the first amended complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)3) and 12(b)(6). Plaintiff opposes the motion. The Court finds this matter suitable for determination on the papers submitted without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**I.    Background**

As set forth in the FAC, plaintiff alleges that he contracted with the Albin defendants to purchase a new 2006 Albin 40 North See Cutter yacht with various upgrades; however, defendants actually provided a different and defective yacht to him. Plaintiff purchased the yacht

---

[1] In their motion to dismiss, defendants state that Albin Marine ceased all business operations approximately 10 years ago and has no assets. Defendants also note that "[t]o the best of Defendants' knowledge, Defendant Albin Manufacturing, Inc. does not exist and likely has been confused in this case for Defendant AMC." Defendants' Memo of Ps&As at 1.

from a dealer located in Connecticut and signed the purchase order on July 17, 2006; the U.S. Coast Guard registered the yacht to plaintiff on October 4, 2006; and defendants tendered the yacht on July 24, 2007. Upon inspection of the yacht in St. Petersburg, Florida, plaintiff rejected the boat as nonconforming.

Plaintiff filed this action on November 9, 2010. The FAC includes claims for: breach of implied warranties under the Magnuson-Moss Act, 15 U.S.C. §§ 2301, *et seq.*; California Consumer Legal Remedies Act, California Civil Code §§ 1770, *et seq.*; breach of the Song-Beverly Warranty Act, California Civil Code § 1792, *et seq.*; violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Stats. §§ 501.202, *et seq.*; breach of written contract; rescission of contract; fraud; and common law breach of warranty.

## II.     Motion to Dismiss for Lack of Personal Jurisdiction

As noted above, the Albin defendants and Fred W.A. Peters move to dismiss the FAC for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Plaintiff bears the burden of establishing that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 2011 WL 3437047, *2 (9th Cir., Aug. 8, 2011.) If the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.* (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but must resolve "factual disputes in the plaintiff's favor." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006).

The district court applies the law of the state in which the court sits when no federal statute authorizes personal jurisdiction. FED. R. CIV. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, CAL. CIV. PROC.

CODE § 410.10, is coextensive with federal due process requirements; therefore, the jurisdictional analyses under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800–01.

For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Under a due process analysis, a defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984).

**A. General Jurisdiction**

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts, that approximate physical presence in the forum state." *Schwartzenegger*, 374 F.3d at 801 (internal quotations omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*

While acknowledging that the Albin defendants have no physical contacts with California and are located in Connecticut, plaintiff contends that the Court has general jurisdiction over them because they have advertised their yachts on the internet, and have two authorized dealers for their yachts in California.

As the Ninth Circuit recently noted:

> To permit the exercise of general jurisdiction based on the accessibility in the forum of a non-resident interactive website would expose most large media entities to nationwide general jurisdiction. That result would be inconsistent with the constitutional requirement that "the continuous corporate operations within a state" be "so substantial and of such a nature as to justify suit against [the nonresident defendant] on causes of action arising from dealings entirely distinct from those activities." *International Shoe*, 326 U.S. at 318. See generally 4 RAYMOND T. NIMMER, THE LAW OF COMPUTER TECHNOLOGY § 19:7, at 19–12 n. 1 (4th ed. 2011) (collecting cases).

*Mavrix Photo.,* 2011 WL 3437047, *2.

Given their extremely minor contacts with California that plaintiff relies upon, the exercise of general jurisdiction over the Albin defendants is unjustified.

Also appearing to recognize that general jurisdiction over defendant Peters, a Connecticut citizen, is untenable, plaintiff concedes this point by failing to mention him in his opposition. Accordingly, the Court finds that plaintiff has failed to assert sufficient facts to prove that any defendant is subject to general jurisdiction before this Court.

### B. Specific Jurisdiction

A court exercises specific personal jurisdiction over a defendant where the claim arises out of or has a substantial connection to the defendant's contact with the forum. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit analyzes specific jurisdiction according to a three-prong test: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).

The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Where plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.[2] *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

#### 1. Purposeful Availment

The first prong concerning purposeful availment is assessed by using the three-part effects test set found in *Calder v. Jones*, 465 U.S. 783 (1984); *see also, Dole Food Co., Inc. v.*

---

[2] Plaintiff does not address whether defendant Peters is subject to the Court's specific jurisdiction and therefore has not met his burden to establish personal jurisdiction in California.

*Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (describing *Calder* and the three-part effects test). This effects test states that the defendant must have allegedly: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. All three parts of the test must be satisfied. *Id.*

In arguing that defendants aimed their activities at California, plaintiff contends that the Albin defendants "advertised its yachts on the internet with the intent to reach potential customers across the United States and world wide" and as result "established a presence in California" . . . "with the intent to obtain customers in California." (Opp. at 7-8.) When personal jurisdiction is premised on a defendant's internet activity, courts must examine "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (quotation omitted). "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id.* at 419 (quotation omitted).  Passive web presence alone is not enough to confer personal jurisdiction. *Id.* at 418. Rather, "something more" must show that the defendant purposefully directed activity in a substantial way to the forum state. *Id.*

Here, defendants' website is not interactive and as plaintiff acknowledges, the website targets the general population and is not expressly aimed at California. (Opp. at 7.) Thus, the Court finds that plaintiff has failed to establish that defendants expressly aimed their activities at the forum state.

Second, plaintiff has failed to establish that defendants caused harm that they knew was likely to be suffered in California. Indeed, plaintiff does not even argue that defendants knew their actions were likely to cause harm to plaintiff in the forum. Plaintiff has not put forth any evidence to suggest that defendants were aware that plaintiff had a connection to California or that defendants caused harm that they knew was likely to be suffered by plaintiff in the forum state.

The three parts of the *Calder* effects test have not been met here. Accordingly, the Court

5    10cv2312

*Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (describing *Calder* and the three-part effects test). This effects test states that the defendant must have allegedly: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. All three parts of the test must be satisfied. *Id.*

In arguing that defendants aimed their activities at California, plaintiff contends that the Albin defendants "advertised its yachts on the internet with the intent to reach potential customers across the United States and world wide" and as result "established a presence in California" . . . "with the intent to obtain customers in California." (Opp. at 7-8.) When personal jurisdiction is premised on a defendant's internet activity, courts must examine "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (quotation omitted). "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id.* at 419 (quotation omitted).  Passive web presence alone is not enough to confer personal jurisdiction. *Id.* at 418. Rather, "something more" must show that the defendant purposefully directed activity in a substantial way to the forum state. *Id.*

Here, defendants' website is not interactive and as plaintiff acknowledges, the website targets the general population and is not expressly aimed at California. (Opp. at 7.) Thus, the Court finds that plaintiff has failed to establish that defendants expressly aimed their activities at the forum state.

Second, plaintiff has failed to establish that defendants caused harm that they knew was likely to be suffered in California. Indeed, plaintiff does not even argue that defendants knew their actions were likely to cause harm to plaintiff in the forum. Plaintiff has not put forth any evidence to suggest that defendants were aware that plaintiff had a connection to California or that defendants caused harm that they knew was likely to be suffered by plaintiff in the forum state.

The three parts of the *Calder* effects test have not been met here. Accordingly, the Court

finds that defendants have not purposefully availed themselves of the privilege of conducting activities within the forum state.

### 2. Arising Out Of or Resulting From Defendant's Forum–Related Contacts

The Ninth Circuit has adopted a "but for" test to determine whether a plaintiff's claim arises out of a defendant's forum-related contacts. *See Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003). This second prong is met if plaintiff demonstrates that "but for" defendant's contacts with California, plaintiff's claim would not have arisen. *Id.*

Plaintiff has not sufficiently shown that this "but for" requirement is met here. Specifically, the Court finds that defendants' limited forum-related contacts, *i.e.,* a non-interactive internet website and the presence of two licensed Albin dealers in California, is not directly related to the injuries plaintiff alleges he suffered as a result of his purchase of a non-conforming yacht from defendants. Indeed, plaintiff did not purchase the yacht from one of the two licensed Albin dealers in California. Thus, the Court finds that plaintiff's claim does not arise out of or result from defendants' alleged forum-related contacts.

### 3. Conclusion

Because plaintiff has not sufficiently demonstrated that the Albin defendants have purposefully availed themselves of the privileges of conducting activities in California and plaintiff's claims do not arise out of defendants' forum related activities, the Court finds that plaintiff has failed to show that specific jurisdiction is present in this Case.

Further, because the Court finds that Plaintiff has failed to establish that this Court has either general or specific jurisdiction over any defendant in this action and defendants' motion to dismiss may be granted or alternatively, transferred to a proper venue

## III. Improper Venue

Under 28 U.S.C. § 1406(a)[3], if the court determines that venue is improper, as is the case here, the court must either dismiss the action or, if it is in the interests of justice, transfer the case

---

[3] Plaintiff argues that venue should be determined under 28 U.S.C. § 1404(a) rather than § 1406 because Albin is subject to personal jurisdiction in this Court. The Court has concluded otherwise. Section 1404(a) is applicable.

to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Under the general venue statute, a civil action in which jurisdiction is not founded on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). For purposes of venue, a corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time the action was commenced. 28 U.S.C. § 1391(c). As noted above, in this action the defendant corporations are not subject to personal jurisdiction in California.

The Court notes that no party resides in California at this time; plaintiff resides in Cancun Mexico; the Albin defendants reside in Connecticut; the yacht was manufactured in Texas and delivered to plaintiff in Florida.

Defendants argue that venue is appropriate in Connecticut where defendants reside or in Florida: "The resolution of this matter can be most efficiently resolved in Florida or Connecticut." (Defendants' Memo of Ps&As at 15). Plaintiff argues, under 28 U.S.C. § 1406, that Florida is a more convenient forum and would also have personal jurisdiction over the Albin defendants.

Because it appears the parties agree that Florida is an appropriate venue for this action, the Court finds in the interest of justice that transfer of this action to Florida is warranted rather than dismissal.

**IV. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Because the Court finds that it does not have personal jurisdiction over the defendants, the Court declines to decide whether any or all of plaintiff's causes of action are barred by the applicable statutes of limitation.

**V.    Conclusion**

Based on the foregoing, **IT IS ORDERED** denying defendants' motion to dismiss for lack of personal jurisdiction. **IT IS FURTHER ORDERED** transferring this action to the United States District Court for the Middle District of Florida, St. Petersburg, Florida.

**IT IS SO ORDERED.**

DATED: August 19, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL